IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **FLICK INTELLIGENCE, LLC,**<br>　　Plaintiff,<br><br>v.<br><br>**UNITY SOFTWARE, INC. D/B/A UNITY TECHNOLOGIES,**<br>　　Defendant | Civil Action No. 6:24-cv-00082<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Flick Intelligence LLC ("Plaintiff" or "Flick") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of U.S. Patent No. 9,465,451 ("the '451 patent") (referred to as the "Patent-in-Suit") by Unity Software,. Inc. d/b/a Unity Technologies ("Defendant" or "Unity").

**I.　　THE PARTIES**

1. Plaintiff is a New Mexico Limited Liability Company with its principal place of business located in New Mexico.

2. Defendant is a Delaware corporation with a principal located at 30 3rd St, San Francisco, California 94103 and has regular and established places of business throughout this District, including at least at 405 Comal Street Suite 600. Austin, TX 78702. Defendant is registered to do business in Texas and may be served via its registered agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808, at its place of business or anywhere else they may be found.

3. On information and belief, Defendant directly and/or indirectly develops, designs, manufactures, distributes, markets, offers to sell and/or sells infringing products and services in

1

the United States, including in the Western District of Texas, and otherwise directs infringing activities to this District in connection with its products and services.

## II.     JURISDICTION AND VENUE

4. This civil action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including without limitation 35 U.S.C. §§ 271, 281, 283, 284, and 285 based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of the Accused Products in the United States. This is a patent infringement lawsuit over which this Court has subject matter jurisdiction under, *inter alia*, 28 U.S.C. §§ 1331, 1332, and 1338(a).

5. This United States District Court for the Western District of Texas has general and specific personal jurisdiction over Defendant because, directly or through intermediaries, Defendant has committed acts within the District giving rise to this action and are present in and transact and conduct business in and with residents of this District and the State of Texas.

6. Plaintiff's causes of action arise, at least in part, from Defendant's contacts with and activities in this District and the State of Texas.

7. Defendant has committed acts of infringing the patents-in-suit within this District and the State of Texas by making, using, selling, offering for sale, and/or importing in or into this District and elsewhere in the State of Texas, products claimed by the patents-in-suit, including without limitation products made by practicing the claimed methods of the patents-in-suit. Defendant, directly and through intermediaries, makes, uses, sells, offers for sale, imports, ships, distributes, advertises, promotes, and/or otherwise commercializes such infringing products into this District and the State of Texas. Defendant regularly conducts and solicits business in, engages in other persistent courses of conduct in, and/or derives substantial revenue from goods and services provided to residents of this District and the State of Texas.

8. This Court has personal jurisdiction over Defendant pursuant to Tex. Civ. Prac. & Rem. Code § 17.041 *et seq*. Personal jurisdiction exists over Defendant because Defendant has minimum contacts with this forum as a result of business regularly conducted within the State of Texas and within this district, and, on information and belief, specifically as a result of, at least, committing the tort of patent infringement within Texas and this District. This Court has personal jurisdiction over Defendant, in part, because Defendant does continuous and systematic business in this District, including by providing infringing products and services to the residents of the Western District of Texas that Defendant knew would be used within this District, and by soliciting business from the residents of the Western District of Texas. For example, Defendant is subject to personal jurisdiction in this Court because, *inter alia*, Defendant has regular and established places of business throughout this District, including at least at its regular and established place of business, and directly and through agents regularly does, solicits, and transacts business in the Western District of Texas. Also, Defendant has hired and is hiring within this District for positions that, on information and belief, relate to infringement of the patents-in-suit. Accordingly, this Court's jurisdiction over the Defendant comports with the constitutional standards of fair play and substantial justice and arises directly from the Defendant's purposeful minimum contacts with the State of Texas.

9. This Court also has personal jurisdiction over Defendant, because in addition to Defendant's own online website and advertising within this District, Defendant has also made its products available within this judicial district and advertised to residents within the District to hire employees to be located in this District.

10. The amount in controversy exceeds $75,000 exclusive of interests and costs.

11. Venue is proper in this Court under 28 U.S.C. § 1400(b) based on information set forth herein, which is hereby repeated and incorporated by reference. Further, upon information and belief, Defendant has committed or induced acts of infringement, and/or advertise, market, sell, and/or offer to sell products, including infringing products, in this District. In addition, and without limitation, Defendant has regular and established places of business throughout this District, including at least at its regular and established place of business.

### III.    INFRINGEMENT

#### A.    Infringement of the '451 Patent

12. Paragraphs 1-11 are incorporated herein by reference.

13. On October 11, 2016, U.S. Patent No. 9,465,451 ("the '451 patent", included as Exhibit A and part of this complaint) entitled "Method, system and computer program product for obtaining and displaying supplemental data about a displayed movie, show, event or video game," was duly and legally issued by the U.S. Patent and Trademark Office. Flick Intelligence, LLC, owns the '451 patent by assignment.

14. The '451 patent relates to a novel and improved method, system and computer program product for displaying additional information about a displayed point of interest.

15. The '451 patent describes how "[p]eople have watched video content on televisions and other audio-visual devices for decades. They have also used gaming systems, personal computers, handheld devices, and other devices to enjoy interactive content. They often have questions about places, people and things appearing as the Video content is displayed, and about the music they hear. Databases containing information about the content such as the actors in a scene or the music being played already exist and provide users with the ability to learn more."[1]

---

[1] Doc. No. 1-1 at Column 1, line 61 to Colu,mn 2, line 2 ("1:61-2:2").

16. The '451 patent further provides limitation in the prior art that "[t]he existing database solutions provide information about elements appearing in a movie or scene, but only in a very general way. A person curious about a scene element can obtain information about the scene and hope that the information mentions the scene element in which the person is interested. Systems and methods that provide people with the ability to select a specific scene element and to obtain information about only that element are needed." Therefore, the '451 patent provides that the prior art does not allow a user to find information about specific scebne elements and that the claims of the '451 patent prior a solution for this prior art limitation. Thus, Here the asserted claims of the '451 patent are directed to a specific technical improvement. The '451 patent relates to novel and improved methods and apparatuses for displaying additional information about a displayed point of interest.

17. The '451 patent's specification teaches the claimed solution for exchanging such information was not available prior to the invention of the claims of the '451 patent:

> The existing database solutions provide information about elements appearing in a movie or scene, but only in a very general way. A person curious about a scene element can obtain information about the scene and hope that the information mentions the scene element in which the person is interested.[2]

18. The '451 patent, by contrast, allows a user to obtain information with a great degree of specificity. The problem it recognized is that:

> Systems and methods that provide people with the ability to select a specific scene element and to obtain information about only that element are needed.[3]

19. As illustrated by the embodiments as claimed, the invention disclosed by the '451 patent allows a user to specify a target of interest, whereas the state of the art at the time the patent was issued did not allow a user to select a specific target on a screen:

---

[2] Doc. No. 1-1 at 2:3-8.
[3] Doc. No. 1-1 at 2:8-10.

5

> 1. A method for displaying additional information about a scene element displayed in a frame of video content being presented on a display, the method comprising:
> determining a location of the display in relation to an augmented reality device wherein a plurality of markers is used to determine the location of the display, wherein the augmented reality device comprises a secondary display, and wherein the location of the display is used to map points on the display to points on the secondary display;
> detecting a selection of the scene element wherein a viewer looks through the augmented reality device to view the display and utilizes the augmented reality device to point at and select the scene element; and displaying the additional information to the viewer on the secondary display, in response to the selection.

20. Defendant offers for sale, sells and manufactures device(s), including but not limited to, Passthrough and related systems that infringe one or more claims of the '451 patent, including one or more of claims 1-14, literally or under the doctrine of equivalents. Defendant put the inventions claimed by the '451 Patent into service (i.e., used them); but for Defendant's actions, the claimed-inventions embodiments involving Defendant's products and services would never have been put into service. Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

21. Support for the allegations of infringement may be found in the preliminary exemplary table attached as Exhibit B. These allegations of infringement are preliminary and are therefore subject to change. The Accused Instrumentality is Unity's augmented reality platform.

22. Defendant has and continues to induce infringement. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., the AR application developed using Passthrough and related systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–14 of the '451 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the

'451 patent and the technology underlying it from at least the date of the filing of the lawsuit.[4] For clarity, direct infringement is previously alleged in this complaint.

23. Defendant has and continues to contributorily infringe. Defendant has actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., the AR application developed using Passthrough and related systems) and related services that provide question and answer services across the Internet such as to cause infringement of one or more of claims 1–14 of the '451 patent, literally or under the doctrine of equivalents. Moreover, Defendant has known of the '451 patent and the technology underlying it from at least the filing date of the lawsuit.[5] For clarity, direct infringement is previously alleged in this complaint.

24. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '451 patent.

## IV. CONDITIONS PRECEDENT

25. Plaintiff is a non-practicing entity, with no products to mark. Plaintiff has pled all statutory requirements to obtain pre-suit damages. Further, all conditions precedent to recovery are met.

## V. JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. enter judgment that Defendant has infringed the claims of the Patent-in-Suit;

---

[4] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[5] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

b.  award Plaintiff damages in an amount sufficient to compensate it for Defendant's infringement of the Patent-in-suit in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.  award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.  declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.  declare Defendant's infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.  a decree addressing future infringement that either (if) awards a permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patent-in-suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendant will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and

g.  award Plaintiff such other and further relief as this Court deems just and proper.


Respectfully submitted,

**Ramey LLP**

*/s/ William P. Ramey, III*
William P. Ramey, III
Texas Bar No. 24027643

wramey@rameyfirm.com

Jeffrey E. Kubiak
Texas Bar No. 24028470
jkubiak@rameyfirm.com

5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)

*Attorneys for FLICK INTELLIGENCE, LLC*